UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BETHANNE M. CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08-CV-1813 (CEJ) |
| ) | |
| ARCH ALUMINUM & GLASS CO., ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

### **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to amend her complaint to add a non-diverse defendant and to remand this action to the Eleventh Judicial Circuit Court of Missouri (St. Charles County) from which it was removed. Removing defendant Arch Aluminum & Glass Co., Inc., (Arch Aluminum) does not object to plaintiff's motion.

### I.  **Background**

Plaintiff Bethanne Campbell alleges that she was injured at work when a stack of mirrors fell on her. She filed suit in the St. Charles County Circuit Court, alleging that defendants John H. Cooney and Arch Aluminum negligently and carelessly "delivered, loaded, placed, and moved [the] stack of mirrors," and were responsible for causing the mirrors to fall on her. On November 25, 2008, defendant Arch Aluminum removed the action to this Court, pursuant to 28 U.S.C. § 1441, asserting jurisdiction under 28 U.S.C. § 1332.[1] On November 26, 2008, prior to receiving notice of

---

[1]According to the pleadings, plaintiff is a resident of Missouri, defendant Arch Aluminum is incorporated and has its principal place of business in Florida, and defendant Cooney is a

the removal, plaintiff mailed a first amended complaint to the St. Charles County Circuit Court. Plaintiff names WG Acquisitions LLC (WG) as an additional defendant in the amended complaint, alleging that WG's employees participated in the negligent moving of the mirrors. WG is a Missouri corporation and its joinder, if allowed, will destroy diversity jurisdiction and necessitate remand of this action to the state court. See 28 U.S.C. § 1447(e).

**II. Discussion**

Where an action is removed pursuant to 28 U.S.C. § 1441(b), based on diversity jurisdiction, a court may, in its discretion, permit joinder of a non-diverse party and remand the case to state court or deny the proposed joinder and retain jurisdiction. 28 U.S.C. § 1447(e). As a threshold matter, courts consider whether the proposed joinder comports with the requirements of Fed.R.Civ.P. 20(a) as to permissive joinder. Garland v. RLI Ins. Co., 491 F.Supp.2d 338, 340-41 (W.D.N.Y. 2007). Rule 20 provides that persons may be joined as defendants in a single action if: (1) a right to relief against them arises from the same transaction or occurrence and (2) there is a question of law or fact common to all defendants. Fed.R.Civ.P. 20(a)(2). The proposed joinder of WG as a defendant satisfies Rule 20.

In determining whether to allow amendment to join a non-diverse defendant, courts examine the following factors: (1) the

---

citizen of Iowa. Plaintiff alleges that she has undergone multiple surgical procedures to address the extensive injuries she sustained in the incident. Based on this allegation, defendant asserts that the amount in controversy exceeds $75,000.

extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities. Jones v. Rent-A-Center East, Inc., 356 F.Supp.2d 1273, 1275 (M.D. Ala. 2005). As noted above, plaintiff contends that she drafted and mailed the amended complaint before she received notice of the removal. Thus, there is no evidence that the purpose of the requested joinder is to defeat diversity jurisdiction. Plaintiff also asserts, without contradiction, that she learned that a WG employee was involved in the incident during a recent deposition in a related matter. The Court therefore cannot say that plaintiff has been dilatory in seeking joinder. With respect to the third factor, refusal to permit joinder of a potential joint tortfeasor could adversely affect plaintiff's interests. Finally, with respect to any other factors, the Court notes that this case is in its earliest stages: defendant Cooney has not yet been served and no discovery has been taken. Taking into consideration all the relevant factors, the Court concludes that joinder of WG Acquisitions LLC as a defendant is warranted. This joinder destroys subject matter jurisdiction and, thus, the action must be remanded to the state court from which it was removed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's request for leave to amend her complaint and remand this matter [Doc. #7] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file plaintiff's first amended complaint [attached to Doc. #7].

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this action to the Eleventh Judicial Circuit Court of Missouri (St. Charles County) from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of January, 2009.